IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO
_____

LORI ANN ENCINIAS,

      Plaintiff,

      vs.                                            No. 12-CV-835 WJ/KBM

NEW MEXICO HIGHLANDS UNIVERSITY;
RUBEN ARAGON, Library Director;
CECILIA VREDENBURG, Inter-Library Loan Supervisor;
and JEFF GALLEGOS, Assistant, Human Resources Director,
in their individual and official capacities,

      Defendants.

**<u>MEMORANDUM OPINION AND ORDER</u>**
**<u>GRANTING IN PART AND DENYING IN PART</u>**
**<u>DEFENDANTS PARTIAL MOTION TO DISMISS</u>**

THIS MATTER comes before the Court upon a Motion To Dismiss [partial dismissal] filed by Defendants New Mexico Highlands University, Ruben Aragon, Cecilia Vredenburg and Jeff Gallegos ("Defendants") on August 1, 2012 **(Doc. 3)**. Plaintiff has filed no response, and Defendants filed both a Reply and a Notice of Briefing Complete on August 27, 2012 (Doc. 7). Having considered the available pleadings, I find that Defendants' motion is legally supported for the most part, and without any legal rebuttal by Plaintiff's counsel, I find that the motion shall be granted as to all of the claims for which Defendants have moved for dismissal, except for Plaintiff's federal due process claims asserted in Count VI.

**BACKGROUND**

In this lawsuit, Plaintiff is suing her former employer, New Mexico Highlands University ("University") arising from her termination from her position as Library Technician and asserts

numerous federal and state claims against the University and individuals who held supervisory positions at the University.

## I.     Facts Based on Complaint

The complaint is dense with details, but can be sufficiently summed up based on the following facts: Plaintiff was employed as a temporary employee at the University, but asserts that her employment was governed by an express and implied contract of employment. She claims that she was falsely accused of stealing a University student's cell phone, when she had actually retrieved the phone for safekeeping when she noticed that the student had left the phone on a couch in the library. Plaintiff states that she was never given any verbal instruction regarding the procedure for lost items, and was not aware of the "global emails" that are sent out by the "Campus Life" office when student property is lost.

Plaintiff contends that Defendant Aragon, the Library Director, made false statements in his testimony at her unemployment hearing. Plaintiff filed an appeal to the termination, which was heard on April 14, 2009, at which Aragon and the Jeff Gallegos, the Human Resource Director, testified.[1]  According to the complaint, Defendant Vredenburg stated in a statement submitted to the EEO Committee that Plaintiff could have been responsible for other thefts of property while employed at the University. Plaintiff also states that at this hearing, Gallegos made an offensive and false statement that "our community doesn't tolerate thieves." Plaintiff asserts that the hearing was deficient on several grounds. For example, some of the relevant photographs were missing from evidence and the student who lost the cell phone did not appear for the hearing.  Plaintiff also claims that there was inadequate time for her and her attorney to prepare for the hearing because the documentary evidence was handed to her attorney only a few

---

[1]  The complaint makes references to findings made by an Administrative Law Judge and findings that were made in "District Court."  Compl. ¶¶ 32-33.  However, it is unclear where this fits into Plaintiff's appeal process.

minutes before the hearing.  Plaintiff further alleges that the EEO Committee at the University failed to properly follow the University's own policies and procedures with respect to her due process rights, specifically: she was never given a "Notice of Contemplated Action"; an opportunity to rebut the charges against her orally or in writing; to have representation of her choice for the oral response which was not afforded; and to have all the factual information upon which the termination was based. Plaintiff also asserts that the University conducted an inadequate investigation into the incident.

      The EEO committee upheld the termination on April 21, 2009.  Plaintiff requested reconsideration of the EEO's decision on May 21, 2009, stating that she was subjected to discriminatory and offensive comments from her supervisor Cecilia Vrendenburg—although there is no description of the nature of these comments in the complaint—and that she had refrained from filing a complaint because she feared retaliation. On receiving Plaintiff's request for reconsideration, the University counsel stated that the University would internally investigate Plaintiff's claims.  When Plaintiff heard nothing further from the EEO office after requesting reconsideration, she filed a charge of discrimination with the New Mexico Human Rights Bureau and the EEOC.   In the complaint, Plaintiff maintains her innocence of the theft, and states that she had never been investigated or accused of theft of property belonging to the University or anyone else.

      The complaint asserts the following claims: Breach of Contract (Count I); Breach of Implied Covenant of Good Faith and Fair Dealing (Count II); gender discrimination under Title VII and the New Mexico Human Rights Act ("Human Rights Act") (Count III); age discrimination under the Age Discrimination in Employment Act ("ADEA") (Count IV);

wrongful termination (Count IV); [2] intentional infliction of emotional distress (Count V); violations of substantive and procedural due process (Count VI); defamation (Count VII); retaliation (Count VIII); and failure to train and negligent supervision (Count IX).

## II.     Legal Standard

Under Rule 12(b)(6) of the Federal Rules of Civil Procedure, a court may dismiss a complaint for failure to state a claim upon which relief can be granted. To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim for relief that is plausible on its face." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "The allegations must be enough that, if assumed to be true, the plaintiff plausibly (not just speculatively) has a claim for relief." *Robbins v. Oklahoma*, 519 F.3d 1242, 1247 (10th Cir. 2008).

## DISCUSSION

Defendants move for dismissal of the following: Count I and Count. II as to the individual Defendants Ruben Aragon, Cecilia Vredenburg and Jeff Gallegos; Count III as to the individual Defendants; Counts IV (both Count IV's) and V as to all Defendants; Count VI as to Highlands University and the three individual Defendants (Aragon, Vredenburg and Gallegos) in their official capacities; Count VII and IX as to all Defendants.

## I.     Counts I and II – Contract Claims

Defendants seek dismissal of Plaintiff's breach of contract, and breach of implied covenant of good faith and fair dealing asserted in Counts I and II as to the individual Defendants Aragon, Vredenburg and Gallegos. These claims are contractual in nature. NMSA 1978, § 37-1-23 waives immunity for actions based on breach of a "valid written contract."

---

[2] The complaint contains two Count IV's. The Court will refer to them as the "first" and "second" Count IV for clarity.

Defendants contend that the plain language of the relevant state statute does not waive immunity for public employees, although it waives sovereign immunity for a governmental entity if the claim is based on a written contract. Defendants argue that this waiver of immunity does not extend to public officials or employees, basing the argument on the plain language of the statute, as compared with the plain language of other statutes which deal with waivers of sovereign immunity under the New Mexico Tort Claims Act.

The New Mexico Tort Claims Act, N.M.S.A. 1978 § 41-4-1 to § 41-4-27 ("Tort Claims Act"), provides governmental entities and public employees with immunity from tort suits unless there is a specific waiver of that immunity set forth under the Act. *See Weinstein v. City of Santa Fe*, 121 N. M. 646, 649, 916 P. 2d 1313, 1315 ( 1996). Section 41-4-4 of the Tort Claims Act states that "[a] governmental entity *and any public employee* while acting within the scope of duty are granted immunity from liability for any tort. . . ."  (emphasis added).

In  *Hydro Conduit Corp v. Kemble*, 110 N.M. 173, 177 (1990)  the New Mexico Supreme Court addressed the issue of sovereign immunity which has been codified in the Tort Claims Act. The court noted that § 37-1-23 was enacted in the same legislative session, with sections 1-19 of Chapter 58 creating what is known as the Tort Claims Act (now codified at sections 41-4-1 to -29 (Repl. Pamp. 1969); while section 24 of Chapter 58 created  §37-1-23.  Thus, both the Tort Claims Act and § 37-1-23 were enacted as two parts of the same act, and because both deal with the same subject matter (sovereign immunity).

Defendants contend that because public employees are specifically and expressly included in the general Tort Claims Act waiver for sections 41-4-1 et seq, and *not* included in the language of § 37-1-23, the waiver in § 37-1-23 applies only to governmental entities where there is a written contract, but does not include a waiver for public employees. This reasoning seems

5

sound enough.  Where Congress includes particular language in one section of a statute but omits it in another section of the same Act, it is generally presumed that Congress acts intentionally and purposely in the disparate inclusion or exclusion. *Brown v. Gardner*, 513 U.S. at 120. – 513 US 115 (1994).  Also, as Defendants note, because the § 37-1-23 is statutorily related to the Sections 1-19 of Chapter 58 (the Tort Claims Act), those provisions must be construed together as a consistent harmonious whole. *Kendrick v. Gackle Drilling Co.*, 71 N.M. 113, 117 (1962) (referring to the "rule of universal application in statutory construction").

Therefore, the Court dismisses Counts I and II as to the individual Defendants Aragon, Vredenburg and Gallegos.

## II.     Count III – Gender Discrimination

Plaintiff alleges gender discrimination in Count III under both Title VII and the New Mexico Human Rights Act ("Human Rights Act").  Defendants seek dismissal of Count III against the individual Defendants Aragon, Vredenburg and Gallegos for lack of exhaustion. Plaintiff exhausted her claims of discrimination against the University, but did not include any of the individual Defendants in the claim. *See* Exs. A, B & C.

To properly exhaust administrative remedies, a plaintiff must comply in a timely manner with all applicable deadlines; failure to do so results in the claims being time-barred. *See Nat'l R.R. Passenger Corp. v. Morgan*, 536 U.S. 101, 113 (2002); *See Phillips v. Widnall*, 79 F.Supp.2d 1265, 1268 (D.N.M.1999)(Mechem, J.). This rule applies to claims against individuals under the Human Rights Act. *See Sonntag v. Shaw*, 130 N.M. 238, 242 (2001) (Under the NMHRA, a plaintiff must exhaust his or her administrative remedies against a party before bringing an action in district court against that party. ); *Luboyeski v. Hill*, 117 N.M. 380, 382, 872 P.2d 353, 355 (1994) (affirming the dismissal of individual defendants because plaintiff

failed to exhaust administrative remedies against them); *Mitchell-Carr v. McLendon*, 1999-NMSC-025, 10, 127 N.M. 282, 980 P.2d 65 (citing *Luboyeski*).

Accordingly, the Court shall grant Defendants' motion with regard to Count III of the complaint.

### III.   Count IV (first) – Age Discrimination

Defendants seek dismissal of Count IV relating to age discrimination as to all Defendants, on the ground that the complaint fails to cite a statutory basis for the claim, or plead even a single fact that would state a claim upon which relief can be granted. The Court agrees. The complaint does not make any assertions which can be vaguely connected to Plaintiff's age. The fact that Plaintiff has been "happily married to the same person for 23 years. . ." (*see* Compl. ¶ 44) provides no information either as to Plaintiff's age or to any basis Plaintiff may have had that her termination was pretextual for age discrimination. The Court dismisses this claim with prejudice.

### IV.   Count IV (second), Count V and Count VII

Defendants seek dismissal of Plaintiff's claims for wrongful termination, intentional infliction of emotional distress and defamation. They note that Highlands University is a state educational institution and state agency in that its employees are public employees within the meaning of the Tort Claims Act. *See* NM Const. Art 12, § 11 ("State educational institutions"); *Korgich v. Regents of New Mexico School of Mines*, 582 F.2d 549, 551 (10th Cir. 1978) (college which is state educational institution under NM Const. Art. XII, § 11, is a state agency and arm of the state). Thus, any tort claim brought against a New Mexico governmental entity or a state employee must be brought pursuant to the New Mexico Tort Claims Act, *see* NMSA 1978 § 41-4-4(A). For this reason, Defendants are correct that Plaintiff's wrongful discharge claim in Count

IV (second) must be dismissed.[3] *See Silva v. Town of Springer*, 121 N.M. 428, 435, 912 P.2d 304, 311 (Ct. App. 1996) (holding that wrongful discharge in violation of public policy is not included among recognized exceptions to immunity in Tort Claims Act).

Defendants are correct that immunity has not been waived for claims of intentional infliction of emotional distress under the Tort Claims Act, since it is not one of the enumerated torts. Thus, Plaintiff fails to state a claim for Count V (intentional infliction of emotional distress). *See Silva v. Town of Springer et al,* 121 N.M. 428, 435 (Ct.App. 1996); Romero v. Otero et al, 678 F.Supp. 1535, 1540 (D.N.M. 1987)(intentional infliction of emotional distress not an enumerated tort under Tort Claims Act).

Similarly, Plaintiff fails to state a viable claim of defamation in Count VII. Except with regard to claims asserted against law enforcement officers, the Tort Claims Act does not waive immunity for the tort of defamation. *See* § 41-4-12. Therefore, Counts IV, V and VII shall be dismissed with prejudice.

## V.     Count VI – Due Process

Plaintiff alleges violations of substantive and procedural due process under the State and federal constitutions. These claims in part must suffer the same fate as the others, based again on the lack of a waiver of immunity under the Tort Claims Act. The only waiver for state constitutional claims is when asserted against law enforcement officers under § 41-4-12. The Defendants in this case do not fall in this category. Thus, Plaintiff's state constitutional claims are dismissed.

---

[3]  The Court finds it unclear whether Plaintiff is precluded from pursuing a state law wrongful discharge claim for another reason. If Plaintiff's employment was governed by a contract as alleged, then she would not be able to pursue a claim of wrongful or retaliatory discharge. *See Silva v. American Federation of State, County and Municipal Employees et al*., 131 N.M. 364 (2001) (employee under contract is precluded from asserting claim of retaliatory discharge, since recourse is under contract provisions).

However, the Tort Claims Act governs only *state* law claims asserted against government entities and officials, and does not apply to *federal* claims. Plaintiff has also asserted substantive and procedural due process claims under the federal constitution, which she is not precluded from asserting. Thus, Defendants' motion regarding Count VI is granted with regard to the state constitutional claims, but denied with regard to the federal claims.

## VI. Count IX – Failure to Train and Supervise; Negligent Supervision

Plaintiff pleads a claim of failure to train and supervise and negligent supervision in Count IX, without identifying a waiver of immunity in the Tort ClaimsAct—nor is the Court aware of any such provision. In fact, the only waiver for simple negligence under the provisions of the Tort Claims Act is when such negligence is based on one of the torts specified in § 41-4-12 regarding law enforcement officers, and only when an officer's negligence allegedly caused a third party to commit one of the enumerated intentional acts in that section. *See Lessen v. City of Albuquerque,* 144 N.M. 314 (2008). This claim is dismissed with prejudice.

## VII. Tort Claims Act and Eleventh Amendment Immunity

Defendants have been afforded almost all of the relief they requested (with the exception of the federal claims asserted in Count VI of the complaint). While the Court granted relief on the basis of the arguments raised by Defendants, nevertheless, the Court feels compelled to make a general observation about Defendants' arguments based on sovereign immunity under the Tort Claims Act.

Defendants have correctly distinguished the Defendant entity as an arm of the state, and the individual Defendants as state employees. However, Defendants have failed to notice that

under NMSA 1978, § 41-4-4(F), Plaintiff is barred from bringing any of the state tort law claims heard in federal court:

> Nothing in Subsections B, C and D of this section shall be construed as a waiver of the immunity from liability granted by Subsection A of this section or as a waiver of the state's immunity from suit in federal court under the eleventh amendment to the United States constitution.

NMSA § 41-4-4(F); *see College Savings Bank v. Fl. Prepaid Postsecondary Education Expense Bd.*, U.S. 527, 666, 675 (1999), cited in *Ward v. Presbyterian Healthcare Svs.,* 72 F.Supp.2d. 1285, 1293 (D.N.M. 1999); *see also* N.M.S.A. 1978, § 41-4-4(F). In other words, even where there is a waiver of sovereign immunity under the Tort Claims Act, claims based on that waiver cannot be brought or heard in federal court. *See Wojciechowski v. Harriman*, 607 F.Supp. 631, 634 (D.N.M. 1985) (noting that (NMSA § 41-4-4(F) bars tort claims suit against state in federal court, but it does not preclude state law tort claims against counties and municipalities in federal court under diversity or pendent jurisdiction to hear such claims). For purposes of this Memorandum Opinion and Order, the Court addresses only those issues which Defendants have raised, but notes that should the case proceed in this Court, parties will be required to consider this issue. Section 41-4-4(F) poses some critical issues for the viability of all of Plaintiff's state law tort claims as against all the Defendants.

## CONCLUSION

In sum, I find and conclude that Counts I and II as to the individual Defendants Aragon, Vredenburg and Gallegos are DISMISSED with prejudice, because the waiver of immunity in §37-1-23 does not apply to individual government employees.

Count III alleging gender discrimination under Title VII and the Human Rights Act is also DISMISSED as to the individual Defendants Aragon, Vredenburg and Gallegos for lack of exhaustion.

Count IV (first) relating to age discrimination is DISMISSED with prejudice as to ALL Defendants, on the ground that the complaint is totally devoid of any alleged facts that could plausibly state a claim upon which relief can be granted.

Count IV (second) for wrongful termination, Count V alleging intentional infliction of emotional distress and Count VII for defamation are also DISMISSED because the Tort Claims Act contains no specific provision of waiver as to these claims.

That part of Count VI alleging violations of state constitutional claims is DISMISSED for lack of waiver under the Tort Claims Act; however, Defendants' motion is DENIED with regard to Plaintiff's federal constitutional claims.

Count IX alleging failure to train and negligent supervision is DISMISSED with prejudice because there is no provision of waiver for these claims under the Tort Claims Act.

**THEREFORE,**

**IT IS ORDERED** that Defendants' Motion to Dismiss certain of Plaintiff's claims **(Doc. 3)** is hereby GRANTED as described in the above Memorandum Opinion and Order, with the exception of that part of Count VI which alleged violations of federal due process.

_____
UNITED STATES DISTRICT JUDGE